UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAHAT YAQUB, *an incompetent adult*,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF MERCED, *et al.*,<br><br>Defendants. | Case No. 1:23-cv-01482-EPG<br><br>ORDER REQUIRING SUPPLEMENT TO MOTION TO APPOINT GUARDIAN AD LITEM<br><br>(ECF No. 2). |

On October 17, 2023, Plaintiff Rahat Yaqub, proceeding through counsel, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1). Before the Court is the motion to appoint Plaintiff's adult sister, Sadia Yaqub, as the guardian ad litem for Plaintiff. (ECF No. 2). For the following reasons, the Court will require a supplemental filing.

**I.    LEGAL STANDARDS**

Under Federal Rule of Civil Procedure 17(c)(2), "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). Local Rule 202 further states, in pertinent part:

> (a) **Appointment of Representative or Guardian.** Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or, (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person. See Fed. R. Civ. P. 17(c).

1

. . . .

(c) **Disclosure of Attorney's Interest.**  When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

E.D. Cal. L.R. 202.

A guardian ad litem needs to be dedicated to the best interests of the minor and "must not face an impermissible conflict of interest with the [minor]." *AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1054 (E.D. Cal. 2015). The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *United States v. 30.64 Acres of Land,* 795 F.2d 796, 804 9th Cir. 1986).

## II.   DISCUSSION

The motion states that Plaintiff is an incompetent adult. (ECF No. 2, p. 2). Ms. Yaqub is willing to serve as Plaintiff's guardian ad litem and is fully competent to understand and protect Plaintiff's rights and has no interest adverse to Plaintiff and is not connected with any adverse party. (*Id.*) Ms. Yaqub's accompanying declaration states that Plaintiff is "presently legally incompetent, and I have petitioned the Superior Court of California, County of Merced, to be appointed his conservator." (ECF No. 2-1, p. 2). Moreover, Ms. Yaqub is not a party in this lawsuit. (ECF No. 2, p. 2).

However, the motion does not comply with Local Rule 202(c). Although Plaintiff has appeared through counsel in this matter, the petition does not disclose the terms under which the attorney was employed; whether the attorney became involved at the insistence of any of the Defendants, directly or indirectly; whether the attorney stands in any relationship to Defendants; and whether the attorney has received or expects to receive any compensation, from whom, and the amount. L.R. 202(c). Accordingly, the Court will require a supplement on this issue.

\\\
\\\
\\\
\\\

## III. CONCLUSION AND ORDER

For the foregoing reasons, IT IS ORDERED that by no later than November 1, 2023, Plaintiff shall file a supplement in support of the motion to appoint guardian ad litem disclosing the information required by Local Rule 202(c).

IT IS SO ORDERED.

Dated:  **October 18, 2023**                /s/ Erica P. Grosjean
                                                                     UNITED STATES MAGISTRATE JUDGE