UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAHAT YAQUB, *an incompetent adult*,<br><br>    Plaintiff,<br><br>v.<br><br>JACOB PAYNTER, *et al.*,<br><br>    Defendants. | Case No. 1:23-cv-01482-EPG<br><br>ORDER GRANTING MOTION TO APPOINT GUARDIAN AD LITEM<br><br>(ECF No. 2). |

On October 17, 2023, Plaintiff Rahat Yaqub, proceeding through counsel, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1). Before the Court is the motion to appoint Plaintiff's adult sister, Sadia Yaqub, as the guardian ad litem for Plaintiff. (ECF No. 2). For the following reasons, the Court will grant the motion.

**I.      SUMMARY OF THE MOTION**

The motion states that Plaintiff is an incompetent adult. (ECF No. 2, p. 2). Ms. Yaqub is willing to serve as Plaintiff's guardian ad litem and is fully competent to understand and protect Plaintiff's rights and has no interest adverse to Plaintiff and is not connected with any adverse party. (*Id.*) Ms. Yaqub's accompanying declaration states that Plaintiff is "presently legally incompetent, and I have petitioned the Superior Court of California, County of Merced, to be appointed his conservator." (ECF No. 2-1, p. 2). Moreover, Ms. Yaqub is not a party in this lawsuit. (ECF No. 2, p. 2).

The supplemental declaration of Plaintiff's counsel states that Plaintiff and Plaintiff's

1

sister, Ms. Yaqub, retained counsel's law firm to represent Plaintiff in this action. (ECF No. 6, p. 1). Counsel did not become involved in this case at the instance of any of the Defendants nor does counsel have any relationship with any of the Defendants. (*Id.*, p. 2). Regarding compensation, counsel declares as follows:

> I will only receive compensation pursuant to the terms of my standard contingency fee agreement, from an award or settlement, which includes the possibility of a payment of attorney's fees pursuant to statute after trial. Payment would be received from Defendant(s) or their insurers.

(*Id.*)

## II.  LEGAL STANDARDS

Under Federal Rule of Civil Procedure 17(c)(2), "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). Local Rule 202 further states, in pertinent part:

> (a) **Appointment of Representative or Guardian.** Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or, (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person. See Fed. R. Civ. P. 17(c).
>         . . . .
>
> (c) **Disclosure of Attorney's Interest.**  When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

E.D. Cal. L.R. 202.

A guardian ad litem needs to be dedicated to the best interests of the minor and "must not face an impermissible conflict of interest with the [minor]." *AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1054 (E.D. Cal. 2015). The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *United States v. 30.64 Acres of Land,* 795 F.2d 796, 804 9th Cir. 1986).

/.

2

## III. DISCUSSION

"In California, a party is incompetent if he or she lacks the capacity to understand the nature or consequences of the proceeding, or is unable to assist counsel in the preparation of the case." *Golden Gate Way, LLC v. Stewart*, No. C 09-04458 DMR, 2012 WL 4482053, at *2 (N.D. Cal. Sept. 28, 2012) (citing *In re Jessica G.*, 93 Cal. App. 4th 1180, 1186 (2001); Cal. Civ. Proc. Code § 372; and *In re Sara D.*, 87 Cal. App. 4th 661, 666-67 (2001)). Evidence of incompetence may be drawn from various sources, including the sworn declaration of the person or those who know him. *Allen v. Calderon*, 408 F.3d 1150, 1151 (9th Cir. 2005); *see also Brooks v. Premier Apartments LLC*, No. LACV 18-07872-VAP (AFMx), 2018 11464786, at * 2 (C.D. Cal. Nov. 27, 2018).

Here, Plaintiff's sister, Ms. Yaqub, has provided a declaration sworn under penalty of perjury that Plaintiff is not legally competent to bring his own lawsuit. Based on Ms. Yaqub's sworn declaration, the Court finds that Plaintiff lacks capacity to sue under California law. Therefore, appointment of a guardian ad litem is necessary and appropriate. There does not appear to be any conflict of interest between Ms. Yaqub and Plaintiff. Additionally, there is nothing to indicate that Ms. Yaqub would not act in the Plaintiff's best interest. Lastly, the motion and supplemental declaration satisfy Local Rule 202(c)'s requirements for disclosure of the attorneys' interests.

## III. CONCLUSION AND ORDER

Accordingly, IT IS ORDERED that the motion (ECF No. 2) to appoint Sadia Yaqub as the guardian ad litem for Plaintiff Rahat Yaqub granted. Ms. Yaqub shall serve as the guardian ad litem for Plaintiff in this action.

IT IS SO ORDERED.

Dated: **October 23, 2023**             /s/ Erica P. Grosjean
                                                                          UNITED STATES MAGISTRATE JUDGE

3