UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| RAHAT YAQUB, | Case No. 1:23-cv-01482-EPG |
| Plaintiff, *by and through his guardian ad litem*, SADIA YAQUB | ORDER SETTING HEARING REGARDING PLAINTIFF'S MOTION FOR APPROVAL OF SETTLEMENT |
| v. | |
| JACOB PAYNTER, | |
| Defendant. | |

On June 4, 2024, Plaintiff Rahat Yaqub, proceeding by and through his *guardian ad litem*, Sadia Yaqub, filed a motion for approval of settlement. (ECF No. 34).

Courts have a special duty to safeguard the interests of litigants who are minors or incompetents in civil litigation. Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 17(c) (district courts "must appoint guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action."); *see also Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). "In the context of proposed settlements in suits involving [incompetent] plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the [incompetent person].'" *Robidoux*, 638 F.3d at 1181 (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978));

*see also G.C. By and Through Clark v. San Diego Unified School District*, No. 21-cv-00019-L-BGS, 2021 WL 3630112, at *2 (S.D. Cal., Aug. 17, 2021) ("District courts have extended the *Robidoux* inquiry to cases involving the approval of an incompetent plaintiff's settlement").

To facilitate the Court in satisfying this duty, Local Rule 202(b) mandates "[n]o claim by or against a minor or incompetent person may be settled or compromised absent an order by the Court approving the settlement or compromise." The motion for approval of a proposed settlement must disclose, among other things, the following:

> the age and sex of the minor or incompetent, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent.

L.R. 202(b)(2). Further,

> If reports of physicians or other similar experts have been prepared, such reports shall be provided to the Court. The Court may also require the filing of experts' reports when none have previously been prepared or additional experts' reports if appropriate under the circumstances. Reports protected by an evidentiary privilege may be submitted in a sealed condition to be reviewed only by the Court in camera, with notice of such submission to all parties.

*Id.* The Local Rules also provide that "[u]pon the hearing of the application, the representative compromising the claim on behalf of the minor or incompetent, and the minor or incompetent shall be in attendance unless, for good cause shown, the Court excuses their personal attendance." L.R. 202(d). Additionally, "[t]he Court may require the testimony of any appropriate expert, as well as the submission of other evidence relating to the application." *Id.*

Plaintiff's motion for settlement approval provides the following information regarding Plaintiff:

> During the pendency of this case, Mr. Yaqub was arrested (in February of 2024), and is presently in custody at the Merced County Jail. Declaration of Che L. Hashim, in Support of Plaintiff's Motion for Approval of Settlement, ¶ 5. At various period during his incarceration, Mr. Yaqub's criminal defense attorney, Kojo Moore, declared a doubt as to Mr. Yaqub's competency to stand trial on the pending charges, under California Penal Code § 1368, and Mr. Yaqub has twice been examined by a court-appointed psychiatrist, who has deemed him competent to stand trial. Declaration of Che L. Hashim, in Support of Plaintiff's Motion for Approval of Settlement, ¶ 6. Counsel believes the psychiatric evaluation deemed

him competent (which was accepted by the Court) as a result of his medication compliance during his incarceration. Counsel has come to believe that the primary reason for Plaintiff incompetence at the time that Counsel filed the Petition for Appointment of Guardian Ad Litem, was Plaintiff's noncompliance with his psychiatric medication, and that currently, and at all times during which Counsel has discussed Plaintiff's desires regarding the resolution of the case, Plaintiff has been competent to make decisions regarding the distribution of his settlement funds. Declaration of Che L. Hashim, in Support of Plaintiff's Motion for Approval of Settlement, ¶ 7.

(ECF No. 34 at 2-3). Further, the motion indicates that, while Plaintiff's guardian ad litem believes distribution of the settlement funds through the establishment of a Special Needs Trust will best serve Plaintiff's interests, "both Counsel and the Guardian ad Litem are aware that Plaintiff desires direct access to his funds." (*Id.* at 34).

In light of the foregoing, the Court will set a hearing regarding Plaintiff's motion for settlement approval. Both Plaintiff and Plaintiff's guardian ad litem shall attend this hearing. At this time, the Court will not require the testimony of any medical expert. However, the Court will require Plaintiff to submit available records regarding Plaintiff's competency from the last two years, including the reports and records prepared by the state court appointed psychiatrist in Plaintiff's pending criminal case, as well as any other relevant medical records.

Plaintiff's motion also includes several letters written to the Court from various individuals, including Plaintiff's guardian ad litem, regarding Plaintiff's wishes and history. (ECF Nos. 34-3, 34-4). These letters are not sworn under penalty of perjury, and thus, the Court will not consider these letters as evidence in support or otherwise of Plaintiff's motion in their current form. However, Plaintiff may submit sworn declarations from the letter writers or call any witnesses it chooses to testify at the hearing.

Accordingly, IT IS ORDERED as follows:

1. The Court sets a hearing regarding Plaintiff's motion for settlement approval on August 23, 2024, at 10:00 a.m., before Magistrate Judge Erica P. Grosjean in Courtroom 10 (EPG).[1]

---

[1] The Court will issue any necessary writ for Plaintiff to appear in person. If any person required to attend the hearing cannot attend in person, they should file a brief request to appear remotely, which the Court will take under consideration.

2. Plaintiff shall submit all available records regarding Plaintiff's competency from the last two years, including the reports and records prepared by the state court appointed psychiatrist in Plaintiff's pending criminal case, as well as any other relevant medical records. Plaintiff shall file or submit these records with the Court as provided by Local Rule 202(b)(2) by no later than August 12, 2024.

3. If Plaintiff wishes to submit sworn declarations by the individual letter writers, Plaintiff shall file such declarations as supplemental exhibits to Plaintiff's motion by no later than August 12, 2024.

IT IS SO ORDERED.

Dated:   **June 12, 2024**                          /s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE

4