UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAHAT YAQUB,<br><br>             Plaintiff,<br><br>     v.<br><br>JACOB PAYNTER, *et al.*,<br><br>             Defendants. | Case No.   1:23-cv-01482-EPG<br><br>ORDER APPROVING SETTLEMENT<br><br>(ECF No. 34) |

This matter is before the Court on the application by Plaintiff Rahat Yaqub to approve the parties' settlement in this case. (ECF No. 34). The parties have consented to proceed before the undersigned for all proceedings in this case. (ECF No. 32).

Having considered the application, the terms of the settlement, and the record in this matter, the Court finds the proposed settlement to be fair and reasonable and in Plaintiff's best interest. Thus, the Court will approve the settlement.

**I.     BACKGROUND**

On October 17, 2023, Plaintiff, proceeding through counsel, filed the complaint commencing this action pursuant to 42 U.S.C. § 1983. (ECF No. 1). The complaint alleged violations of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments by City of Merced police officers Paynter and Gaona-Santillan. (*Id.*). The same day the complaint was filed, Plaintiff's sister, Sadia Yaqub, filed an ex parte application to be appointed Plaintiff's *guardian ad litem* based on Plaintiff's mental incompetency. (ECF No. 2). The Court granted the

1

motion on October 24, 2023, and the case proceeded with Plaintiff acting by and through Ms. Yaqub as his *guardian ad litem*. (ECF No. 7).

On March 19, 2024, the parties participated in a settlement conference before the undersigned and reached a settlement. (ECF No. 28). On July 27, 2023, Plaintiff, by and through his *guardian ad litem*, filed a motion for approval of settlement. (ECF No. 34). The motion included a statement by Plaintiff's counsel, Che L. Hashim, that Plaintiff desired to make his own decisions about the disbursement of settlement funds, and, "Counsel cannot state that at this time[] Plaintiff lacks, based on [Counsel's] personal observation of, and discussions with Plaintiff, such capacity." (*Id.* at 13[1]). No objections were made to Plaintiff's motion.

On August 23, 2024, the Court held a hearing on the motion. (ECF No. 41). At the hearing, the Court questioned both Plaintiff and his counsel regarding Plaintiff's mental capacity and his ability to understand the nature of the action and consequences of settlement. Plaintiff's counsel confirmed that he had spoken with Plaintiff about the risks and benefits associated with settlement, including the possibility that Plaintiff will be ineligible for needs-based public benefits. At the conclusion of the hearing, the Court found that Plaintiff was sufficiently competent to make his own decisions regarding settlement, and to effectively assist his counsel in doing so.[2] Additionally, the Court noted that the parties agreed that the settlement was fair and reasonable and adequately reflected the risks and benefits of settlement.

## II. TERMS OF THE SETTLEMENT

Defendants have agreed to pay Plaintiff $800,000.00. (ECF No. 34 at 4). From this amount, $264,000.00 (or a 1/3 contingency fee) will be deducted for attorney fees, and Plaintiff's counsel has agreed to waive reimbursement for all costs. (*Id.*). This will leave a net total of $536,000.00 payable to Plaintiff Rahat Yaqub. (*Id.*).

Plaintiff's counsel indicates that Plaintiff's case, if valued for purposes of damages only, is likely valued between $25,000.00 to $50,000.00, and punitive damages would likely not exceed $50,000.00. (*Id.* at 4, 8). Considering the probable value of Plaintiff's case and other litigation considerations, Plaintiff agreed that the settlement amount was reasonable. (ECF No. 34-1 at 2).

---

[1] Page numbers refer to the pagination noted at the bottom of cited documents.

[2] The Court also discharged Sadia Yaqub as Plaintiff's *guardian ad litem* at the conclusion of the hearing. (ECF No. 42).

Plaintiff's counsel has been practicing for 18 years as a trial lawyer in criminal defense, civil rights, personal injury, and employment law, which Counsel contends, "makes [him] particularly well-suited to understand the procedural and substantive overlap of the parallel criminal and civil proceedings, and the leverage points to extract maximum value in settlement for Mr. Yaqub." (*Id.*)

### III.    LEGAL STANDARDS

Local Rule 202 governs approval of an incompetent person's settlement. It states, in relevant part:

> (b) Settlement. No claim by or against a minor or incompetent person may be settled or compromised absent an order by the Court approving the settlement or compromise.
>
> (1) Initial State Court Approval. In actions in which the minor or incompetent is represented by an appointed representative pursuant to appropriate state law, excepting only those actions in which the United States courts have exclusive jurisdiction, the settlement or compromise shall first be approved by the state court having jurisdiction over the personal representative. Following such approval, a copy of the order and all supporting and opposing documents filed in connection therewith shall be filed in the District Court with a copy to all parties and to the Judge or Magistrate Judge who may either approve the settlement or compromise without hearing or calendar the matter for hearing.
>
> (2) Approval in All Other Actions. In all other actions, the motion for approval of a proposed settlement or compromise shall be filed and calendared pursuant to L.R. 230. The application shall disclose, among other things, the age and sex of the minor or incompetent, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent.

Local Rule 202(b)(1)-(2).

Federal Rule of Civil Procedure 17(c) also imposes on district courts a special duty to safeguard the interests of litigants who are incompetent persons. *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). The court's special duty requires it to "conduct its own inquiry to determine whether the settlement serves the best interests of the [incompetent person]." *Id.*

3

(quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *see Smith v. City of Stockton*, 185 F. Supp.3d 1242, 1243-44 (E.D. Cal. 2016) (although *Robidoux* concerned a minor, applying *Robidoux* to a disabled adult plaintiff). In this inquiry, the district court is required to evaluate "whether the net amount distributed to each [incompetent] plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the [incompetent person's] specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1182.

## IV.   DISCUSSION

Plaintiff's motion for settlement approval discloses the following information under Local Rule 202(b)(2): Plaintiff was an incompetent adult at the time this action commenced, but currently possesses the legal capacity to make decisions; the cause of action involves violations of Plaintiff's federal constitutional rights and rights under California law, stemming from an unreasonable seizure by law enforcement; an overview of how the case was settled at a settlement conference; and other information to enable the Court to determine the fairness of the settlement, including an overview of Plaintiff's counsel's experience, a comparison of Plaintiff's case with another similar civil rights case, and challenges with proceeding with further litigation. (ECF No. 34 at 2-8).

As to whether the net settlement amount is fair and reasonable in light of the facts of the case and claim, it appears, based on Plaintiff's counsel's representations that Plaintiff's case would likely be valued at no more than $50,000.00 on damages alone, that "significant additional discovery" would have been required to pursue the claim against the City of Merced, and that protracted litigation would have caused disruption, embarrassment, and tension for Defendants, that a settlement was in the best interests for all involved. (*Id.* at 4-5, 7-8). Plaintiff will ultimately receive $536,000.00 after the deduction of attorney fees, more than ten times the value of his case based solely on damages.

Additionally, the Court gives weight to the fact that the settlement was reached following a court-facilitated settlement conference. Moreover, the Court notes that all the parties have stated that they support this settlement agreement.[3]

Based on these circumstances, the Court concludes that the settlement is fair and

---

[3] Plaintiff's previous *guardian ad litem* also agreed with the terms of the settlement. (ECF No. 34 at 3).

reasonable for Plaintiff, and was reached in good faith.

**V.     ORDER**

Based on the above, IT IS ORDERED that Plaintiff's application for approval of the settlement (ECF No. 34) is approved.

By no later than October 22, 2024, the parties shall file an appropriate dispositional document to close this case.

IT IS SO ORDERED.

Dated:     **September 18, 2024**                    /s/ *Erica P. Grosjean*
                                                                      UNITED STATES MAGISTRATE JUDGE